UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

RAWSON EDWARD WATSON,

Defendant.

No. 12-cr-120 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Rawson Edward Watson, who is serving a 204-month prison sentence for narcotics trafficking, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). (Doc. No. 377 ("Mot.").)  For the following reasons, Watson's motion is DENIED.

I.   Background

In 2011, the United States Drug Enforcement Administration learned that an international drug-trafficking organization had plans to charter a plane to transport narcotics from the Dominican Republic to Belgium.  (Doc. No. 367 ¶¶ 10–13.)  In December of that year, Watson was arrested in the Dominican Republic after he posed as a flight attendant and boarded a private jet containing 1,000 kilograms of cocaine.  (*Id.* ¶¶ 14–15.)  Watson was ultimately charged with one count of conspiring to possess with intent to distribute cocaine on board an aircraft, in violation of 21 U.S.C. § 963.  (*Id.* ¶ 2.)  After spending about eleven months in a jail in the Dominican Republic, he was extradited to the United States where he later pleaded guilty.  (*Id.* ¶¶ 3, 6–8.)

At sentencing, the Court determined that Watson's base offense level was 38 – the highest level available for narcotics offenses involving cocaine – which was then reduced by three levels to reflect his acceptance of responsibility.  (Doc. No. 154 ("Sentencing Tr.") at 5:3–12.)  As for

his criminal history score, the Court noted that Watson's prior foreign convictions did not result in any criminal history points under U.S.S.G. § 4A1.2(h). (*See id.* at 5:19–6:5.) The Court ultimately concluded that Watson's total offense level was 35 and his criminal history category was I, which resulted in an advisory Guidelines range of 168 to 210 months' imprisonment. (Sentencing Tr. at 6:6–11.)

In considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court explained that it was "prepared to start with" an above-Guidelines sentence of 20 years (*id.* at 31:3–4), based on the quantity of drugs involved, Watson's role in the conspiracy, and his more recent foreign convictions (*see id.* at 28:13–16, 29:1–14). Specifically, the Court highlighted how Watson had been convicted in 2003 of an attempted theft of more than $1.5 million in currency from an aircraft that was traveling from Spain to the United Kingdom, and in 2010 for narcotics-related money laundering in the Netherlands. (*See id.* at 30:3–13.) After crediting Watson for the time he spent in the Dominican jail awaiting extradition to the United States and considering the severity of the conditions he experienced there (*see id.* at 31:15–32:9), the Court ultimately sentenced Watson to 204 months' imprisonment, or 17 years, with no term of supervised release (*id.* at 33:21).

With the assistance of counsel appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, Watson has filed supplemental briefing in support of his motions for a reduction of his sentence under section 3582(c)(2) and Amendment 821 to the Guidelines, which went into effect on November 1, 2023 and applies retroactively. As relevant here, Amendment 821 permits a sentencing judge to apply a two-level downward adjustment to a defendant's offense level where the defendant had no criminal history points at the time of sentencing and his crime did not involve any of the specified aggravating factors set forth in U.S.S.G. § 4C1.1(a).

**II.     Discussion**

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may grant a defendant's motion for a sentence reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). If a court finds a defendant is eligible for such a sentence reduction, "a court may reduce the sentence after considering the applicable factors under [section] 3553(a), but may do so only if the reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018) (internal quotation marks omitted).

Here, the Court finds, and the government does not dispute, that Watson is eligible for a two-level reduction under Amendment 821. (*See* Doc. No. 379 ("Gov't Ltr.") at 4.) Having received no criminal history points for his foreign convictions, Watson is technically a zero-point offender under the Guidelines. Further, none of the specified exclusionary factors apply. *See* U.S.S.G. § 4C1.1(a). Given this reduction in offense level, Watson's total offense level would be lowered from 35 to 33 and his amended Guidelines range from 168 to 210 months' imprisonment to 135 to 168 months. Notwithstanding that adjustment, the Court remains convinced that a reduction in Watson's sentence is not warranted after consideration of the section 3553(a) factors.

By any measure, Watson's narcotics trafficking was extraordinarily serious. As the Court emphasized at sentencing, the crime involved a metric ton of cocaine, with "a wholesale value of about $25 million" in the United States. (Sentencing Tr. at 27:3–4.) And there is no question that Watson "played an important role" in ensuring that "the drugs [w]ould . . . get to their ultimate destination." (*Id.* at 29:1–2.) The Court also noted that "[t]his is not a typical case . . . in which [Watson's] criminal history category I reflects a person who ha[d] no prior involvement with the

criminal justice system." (*Id.* at 29:19–21.) Indeed, the Court observed that Watson's criminal history, which included a brazen plot to steal millions of dollars as an airplane stowaway and an escape attempt, "suggest[ed] that Mr. Watson ha[d] been involved in serious crime for the years preceding [his federal conviction] and that prior convictions and prior terms of incarceration didn't have the [e]ffect of discouraging or deterring him from future [criminal] conduct." (*Id.* at 30:15–18.)

The mere fact that the Court originally imposed a sentence within the then-applicable Guidelines range does not compel a finding that a reduced sentence is warranted pursuant to the Amendment. (*See* Gov't Ltr. at 3.) By omitting his foreign convictions, both the original and amended Guidelines ranges understate Watson's criminal history and his moral culpability. The Court therefore remains convinced that a sentence of 204 months' imprisonment is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence under section 3553(a). *See United States v. Rolle*, No. 20-cr-594 (AT), 2024 WL 1704969, at *2–3 (S.D.N.Y. Apr. 19, 2024) (denying Amendment 821 motion by "zero-point offender" who had a prior foreign conviction after consideration of the section 3553(a) factors).

Those sentencing factors are not outweighed by the mitigating factors asserted by Watson. From the original sentencing submissions, the Court is aware of the circumstances surrounding Watson's difficult childhood, his experience in the Dominican jail while awaiting extradition, and his acceptance of responsibility. The Court is also mindful of Watson's chronic back pain and the severity of conditions that he and others experienced during the COVID-19 pandemic. *See United States v. Sierra*, No. 11-cr-1032-01 (PAE), 2024 WL 1075408, at *3 (S.D.N.Y. Mar. 12, 2024) (denying Amendment 821 motion despite "[defendant's] health challenges" and "productive

activities" in prison); *cf. United States v. Padilla*, No. 16-cr-317-04 (PAE), 2024 WL 749566, at *4 (S.D.N.Y. Feb. 23, 2024) ("[Defendant]'s general account of harsh prison conditions during the pandemic does not distinguish him from other inmates."). The Court also commends Watson for his clean disciplinary record since 2019 and his productive activities while in prison, which include authoring numerous children's books and researching several topics including underwater engineering and bone regeneration. (*See* Doc. No. 380-1 at ¶¶ 21–27.) But such rehabilitation, while admirable, does not outweigh the seriousness of his offense, or the need to promote respect for the law, to provide just punishment, and to afford adequate deterrence under section 3553(a). *Cf. United States v. Alimehmeti*, No. 16-cr-398 (PAE), 2024 WL 4880197, at *8 (S.D.N.Y. Nov. 25, 2024) ("As this Court has observed in other cases, some amount of rehabilitative effort is expected of inmates.").[1]

In short, the Court concludes that any reduction in Watson's sentence would be inconsistent with the objectives of sentencing set forth in section 3553(a). Accordingly, the Court remains convinced that the previously-imposed sentence of 204 months is appropriate.

### III.   Conclusion

For the reasons set forth above, Watson's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at Doc. Nos. 366, 368, and 377.

SO ORDERED.
Dated:      June 20, 2025
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] The Court is also unmoved by Watson's contention that a sentence reduction is warranted because, as a noncitizen subject to a final order of removal, he is ineligible for early release through earned time credit under 18 U.S.C. § 3632(d)(4)(E). (*See* Mot. at 5–6; Doc. No. 377-4 at 4.)